UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIERRA TAYLOR,

    Plaintiff,

v.                                                                                   Case No. 16-13094

COMCAST CABLE COMMUNICATIONS             HON. AVERN COHN
MANAGEMENT, LLC,

    Defendant.

_____/

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, (Doc. 19)

### I.     INTRODUCTION

#### A.     The Parties

This is an employment discrimination case. Kierra Taylor (Taylor), a customer account executive, is suing her former employer, Comcast Cable Communications Management, LLC (Comcast), for termination because of a mental disability.

#### B.     Pending Motion

Pending is Comcast's motion for summary judgment, (doc. 19). The parties have filed a joint statement of material facts not in dispute, (doc. 25), and exhibits in support of, (docs. 20-2 to 21-18), and opposition to, (doc. 22-3), the motion.

#### C.     The Case

Taylor says that Comcast terminated her employment "because of" a mental disability, violating the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*

Comcast says that Taylor was terminated because (1) its investigation revealed that she misused her medical leave for a planned vacation, and (2) dishonesty in her representations to Comcast as to the purpose for the leave violated its code of conduct.

### D. Disposition

There is no genuine dispute of material fact that Comcast terminated Taylor's employment for the stated reasons under its policies. This was not discriminatory. Comcast's motion for summary judgment, (doc. 19), is GRANTED.

## II. MATERIAL FACTS NOT IN DISPUTE

There is no genuine dispute of material fact of what follows.

### A.

In August 2013, Taylor began working at Comcast's call center in Sterling Heights, Michigan, (doc. 25 ¶ 8; doc. 20-4 at 34).

### B.

In early May 2016, a coworker invited Taylor on a group trip to Miami, Florida extending from Friday, June 10, 2016 through Monday, June 13, 2016, (doc. 25 ¶ 38).

On May 5, 2016, Taylor wrote on Facebook: "Its like every time I plan a vacation which is well needed I can never take it…..," (*id.* ¶ 39; doc. 21-10 at 2).

On May 6, 2016, Taylor booked a flight from Detroit, Michigan to Fort Lauderdale, Florida for Friday, June 10, 2016, with no paid time off accrued, (doc. 25 ¶¶ 40, 41; doc. 21-9 at 2).

### C.

Sedgwick Claims Management Service, Inc. (Sedgwick) handles Comcast's employee requests for medical leave, (doc. 25 ¶ 4).

On May 25, 2016, Taylor called Sedgwick and requested medical leave extending from Thursday, June 9, 2016 through Tuesday, June 14, 2016, (*id.* ¶ 42; doc. 20-6 at 9-10). The same day, Taylor booked a return flight from Fort Lauderdale to Detroit for Monday, June 13, 2016, (doc. 25 ¶ 44; doc. 21-9 at 3).

## D.

Hollis Evans, a clinical social worker, was Taylor's therapist, (doc. 25 ¶ 13). Evans had diagnosed Taylor on January 25, 2016 with, (*id.*; doc. 21-1 at 7),

- bipolar I disorder, severe,
- depression,
- anger, and
- alcohol abuse

## E.

On May 26, 2016, Taylor was seen by Evans, (doc. 25 ¶ 45; doc. 21-1 at 17).

On Monday, June 6, 2016, Evans faxed a form to Sedgwick on behalf of Taylor authorizing medical leave extending from Thursday, June 9, 2016 through Tuesday, June 14, 2016, (doc. 25 ¶ 47; doc. 21-13 at 2-4).

## F.

On Wednesday, June 8, 2016, Sedgwick approved medical leave for Taylor from Thursday, June 9, 2016 through Tuesday, June 14, 2016, (doc. 25 ¶ 47; doc. 21-14 at 2-4). Taylor did not return for work the next day, Thursday, June 9, 2016, which was the first day of her approved medical leave, (doc. 25 ¶ 50).

## G.

On Friday, June 10, 2016, Taylor flew to Fort Lauderdale, (*id.* ¶ 50). Taylor traveled with the group to Miami and stayed at a resort, went to nightclubs, and drank alcohol, (*id.* ¶¶ 50, 51; doc. 20-2 at 211-14).

3

**H.**

Taylor took photographs and uploaded them to "Facebook,"[1] (doc. 25 ¶ 51).

A photograph dated Friday, June 10, 2016 depicted Taylor with the caption "Im just chillin at the Fountain Bleu,"[2] (doc. 20-4 at 19). A photograph dated Saturday, June 11, 2016 depicted a large decorative glass of a bright green beverage, with smoke emanating from it, and a waiter pouring more beverage into the glass, (doc. 20-4 at 22). A photograph dated Sunday, June 12, 2016 at 4:30am depicted Taylor with the caption "#littttttttt,"[3] (doc. 25 ¶ 51; doc. 20-4 at 26).

**I.**

On Monday, June 13, 2016, Taylor flew back to Detroit, (doc. 25 ¶ 55). On Wednesday, June 15, 2016, Taylor returned to work, (*id.*).

**J.**

Kristy Close was Taylor's human resources representative at Comcast, (*id.* ¶ 11).

On Monday, June 20, 2016, a Comcast employee reported the Facebook images of Taylor to Comcast human resources, (*id.* ¶ 56). A human resources agent e-mailed the images to Close, (*id.* ¶ 58), who viewed them that day, (*id.* ¶ 59).

---

[1] Facebook (http://www.facebook.com) is an online "social networking service."

[2] The Fontainebleau is a five-star oceanfront resort in Miami, Florida. *See* http://fontainebleau.com.

[3] According to Urban Dictionary, "lit" can mean "the state of being so intoxicated (regardless of the intoxicating agent) that all the person can do is smile, so that they look lit up like a light." *See* http://www.urbandictionary.com/define.php?term=lit.

**K.**

On Thursday, June 23, 2016, Close met with Taylor and Taylor's supervisor, Michelle Watts, (*id.* ¶ 60). The meeting was held "to discuss the Facebook posts and determine how that could be reconciled with being on a medical leave," (*id.*).

At the meeting, Close asked Taylor if she had gone on "a vacation" during the June 9-14, 2016 medical leave and Taylor responded "yes," (*id.* ¶ 61; doc. 20-2 at 216).

**L.**

Comcast's code of conduct prohibits, (doc. 25 ¶ 6; doc. 20-7 at 3)

- Interfering with any investigation conducted by Comcast including making intentionally untruthful statements or intentionally compromising the investigation process; [and]

- Falsifying employment applications, records, reports, time sheets, travel and expense reports, benefit claims or any other business related documents

Each is a terminable offense, (doc. 20-7 at 3).

**M.**

On Monday, June 27, 2016, Close prepared a request to terminate Taylor's employment, (doc. 25 ¶ 64; doc. 20-4 at 34-35). As grounds for termination, the request stated, (doc. 20-4 at 34),

> [Taylor] engaged in inappropriate/fraudulent conduct by having a leave of absence approved for medical reasons, when in fact, she used the time for a personal vacation unrelated to any medical necessity

On Tuesday, June 28, 2016, Close's supervisors approved the request, (doc. 25 ¶ 64; doc. 20-4 at 31-32).

**N.**

On Wednesday, June 29, 2016, Close met a second time with Taylor and Watts, (doc. 25 ¶ 65). At the meeting, Taylor stated Sedgwick had instructed her to use medical leave instead of another type of leave because "you cannot take two leaves, you only can take one," (*id.*; doc. 20-2 at 219).

Later that day, Close contacted Sedgwick to verify Taylor's assertion, (doc. 25 ¶ 66; doc. 20-4 at 6). The Sedgwick call agent denied making the statement, (doc. 25 ¶ 66; doc. 20-6 at 4).

**O.**

On Thursday, June 30, 2016, Taylor was terminated, (doc. 25 ¶ 68).

### III.   LEGAL STANDARD

Summary judgment will be granted if the moving party demonstrates that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *In re Dollar Corp.*, 25 F.3d 1320, 1323 (6th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). In doing so, the Court "must view the evidence in the light most favorable to the non-moving party." *Emp'rs Ins. of Wausau v. Petrol. Specialties, Inc.*, 69 F.3d 98, 101 (6th Cir. 1995).

## IV. RELEVANT LAW

The ADA prohibits employers from terminating an employee because of a mental disability. 42 U.S.C. § 12112(a). As articulated by the Sixth Circuit in *Williams v. AT&T Mobility Servs. LLC*, 847 F.3d 384, 395 (6th Cir. 2017),

> We analyze disability-discrimination claims under the *McDonnell Douglas*[4] burden-shifting framework. *Whitfield v. Tennessee*, 639 F.3d 253, 259 (6th Cir. 2011). To make out a prima facie case, a plaintiff must demonstrate that (1) she has a disability, (2) she is "otherwise qualified for the position, with or without reasonable accommodation," (3) she "suffered an adverse employment decision," (4) her employer "knew or had reason to know" of her disability, and (5) she was replaced or her position remained open. *Id.* (quoting *Macy v. Hopkins Cty. Sch. Bd. of Educ.*, 484 F.3d 357, 365 (6th Cir. 2007)). If the plaintiff makes out a prima facie case, the burden then shifts to the employer to demonstrate that there was a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* The plaintiff must then show that the reason given by the employer was actually a pretext designed to mask unlawful discrimination. *Id.*

## V. DISCUSSION

The record reflects that Comcast believed Taylor misused her medical leave.

When given the chance to explain a discrepancy between the Facebook images and certification for medical leave, Taylor admitted that she had taken a vacation. Taylor's assertion that Sedgwick instructed her to improperly code the leave was discredited by a Sedgwick call agent upon investigation by Comcast.

Whether or not Comcast was correct in its conclusion that Taylor (1) misused her medical leave under its policies and (2) misrepresented how the misuse of leave came about, there is little doubt that this is what motivated its termination of her employment. There is no fact in the record from which to infer that Comcast's decision was motivated by Taylor's mental disability.

---

[4] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

SO ORDERED.

                                                            <u>S/Avern Cohn</u>
                                                            AVERN COHN
                                                            UNITED STATES DISTRICT JUDGE

Dated: August 7, 2017
       Detroit, Michigan